STATE v. STEVISIGER.

1. **Criminal Practice**: SUBSITUTING COPY OF INDICTMENT. Where an indictment has been lost or mislaid after the arraignment of the accused, it is within the power of the court to substitute a copy, and proceed upon the record thus made; (*State v. Rivers*, 58 Iowa, 102;) and where the uncontroverted evidence showed that the copy substituted was a true copy, it was no ground for reversal that it was not certified by the clerk to be a true copy.

*Appeal from Jefferson District Court.*

WEDNESDAY, OCTOBER 3.

On the nineteenth of November, 1881, an indictment was returned against the defendant for the crime of seduction. The defendant was arraigned on the thirteenth of March, 1882. On the next day he demurred to the indictment, which demurrer was overruled. He then moved for a change of venue, and the motion was overruled, whereupon the plea of not guilty was entered.

On the fifteenth day of March, 1882, the district attorney made a showing to the court that the indictment had been lost, or mislaid, or carried away, and that the original was in the clerk's office up to the day before. He made a motion for leave to substitute a copy of the indictment. The motion was sustained and a copy was filed. The defendant was tried by a jury and found guilty, and judgment was pronounced against him, and he appeals.

*C. W. Kirkpatrick*, for appellant.

*Smith McPherson*, Attorney-general, for the State.

ROTHROCK, J.—In the case of the *State v. Rivers*, 58 Iowa, 102, it was held that, where an indictment had been lost or mislaid after the arraignment of the accused, it was within the power of the court to substitute a copy, and pro-

ceed upon the record thus made, the same as upon an original indictment. It is claimed in this case that there was no proper evidence that the paper offered as a copy was a true copy of the original indictment. It is true, the record does not show that the copy was certified to be a true copy by the clerk of the court. But it appears that the original was in the files of the court during all the preliminary proceedings, and the evidence showed that the paper presented was a true copy. This evidence was in no way controverted or denied. The court found it to be a copy upon such evidence, and, for aught that appears, the evidence offered was the best evidence which was attainable. No other question is presented in the case.

AFFIRMED.